IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WENDELL TAYLOR                                            PETITIONER

VS.                                       CRIMINAL NO. 3:08-cr-12(DCB)
                                          CIVIL NO. 3:16-cv-108(DCB)

UNITED STATES OF AMERICA                                  RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant/petitioner Wendell Taylor's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (**Docket Entry 22** in cause no. 3:08-cr-12). After conducting the preliminary review required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States Courts, the Court found that the Government should be required to "file an answer, motion or other response" as required by Rule 4. (Docket Entry 23).

The Government filed a Motion to Dismiss (**Docket Entry 24**), moving to dismiss the petitioner's § 2255 motion on grounds that Taylor expressly waived his right to bring such a motion.

On February 5, 2008, a federal grand jury returned an indictment charging Taylor with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(e). (Docket Entry 1). Taylor pled guilty, and on February 3, 2009, the Court sentenced him to 151 months in prison followed by a five-year term of supervised release. (Minute Entry of 02/03/2009). On February 11, 2016, Taylor filed the instant § 2255 motion seeking

collateral review of his 2009 sentence. (Docket Entry 22). Specifically, Taylor seeks to reopen his case for further sentencing proceedings in light of Johnson v. United States, 135 S.Ct. 2551 (2015). However, Taylor specifically waived his right to attack his sentence when he signed a plea agreement. Pursuant to Federal Rule of Criminal Procedure 11(c), Taylor entered a guilty plea predicated on his signed plea agreement. (Minute Entry of 10/07/08). Taylor's plea and the plea agreement were accepted by the Court. Id. In his written plea agreement, entered into with the advice of counsel[1], Taylor specifically waived his right to attack his sentence. Paragraphs 13 and 13(b) of the plea agreement evidence such:

> Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following rights:
>
> The right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 ....

(Minute Entry of 10/07/08, Plea Agreement ¶¶ 13, 13(b)(emphasis added). When Taylor signed his plea agreement, he expressly waived

---

[1] At the time Taylor executed the plea agreement, he was represented by experienced counsel, attorney Kathy Nester, who also signed the plea agreement.

his right to appeal his conviction and his sentence in any post-conviction proceedings. Furthermore, the Court accepted Taylor's guilty plea, entered a judgment of conviction, and sentenced Taylor. (Minute Entry of 02/03/2009).

Despite having waived his right to attack his sentence through a § 2255 motion, Taylor filed the instant Motion pursuant to 28 U.S.C. § 2255 (Docket Entry 22).

"As a general rule, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings against the defendant." United States v. Hoctel, 154 F.3d 506, 507 (5th Cir. 1998). In addition to the general waiver resulting from a defendant's unconditional guilty plea, a defendant may agree to surrender his right to contest his sentencing as part of a plea agreement with the Government. Id. at 508.

Courts have long enforced waivers of collateral-attack rights in plea agreements. See, e.g., United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)("As a general matter, therefore - and at least under the facts and circumstances of this case - an informed and voluntary waiver of post-conviction relief is effective to bar such relief."); see also Garcia-Santos v. United States, 273 F.3d 506, 509 (2nd Cir. 2001). This is true even where the grounds for the attack arise after the plea agreement is executed. See Garcia-Santos, 273 F.3d at 509 (providing prudential and policy reasons).

To date, the Fifth Circuit has recognized two exceptions to

this general rule: (1) a claim of ineffective assistance if "the claimed ineffective assistance directly affected the validity of that waiver or the plea itself" and (2) a sentencing claim where the sentence "exceeds the statutory maximum" penalty. See United States v. Hollins, 97 Fed.App'x 477, 479 (5th Cir. 2004). Neither exception applies to Taylor. Taylor's § 2255 motion sets forth no allegations of ineffective counsel or that any ineffectiveness invalidated his guilty plea. Furthermore, Taylor cannot claim that his 151 month sentence exceeds the statutory maximum penalty.

According to the U.S. Probation Office's Presentence Investigation Report ("PSIR"), the minimum term of imprisonment is 15 years and the maximum term is life, pursuant to 18 U.S.C. § 924(e). (Docket Entry 18, ¶ 92). Additionally, pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 30 and a criminal history category of V, the guideline imprisonment range is 151 to 188 months; but due to the statutory minimum, the guideline range becomes 180 to 188 months. (Id., ¶ 93). For reasons stated at Taylor's sentencing on February 4, 2009, the Court sentenced Taylor to serve 151 months in prison, clearly not exceeding the statutory maximum penalty.

As for Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court has held that Johnson-style analysis does not apply to cases involving the residual clause definition of a "crime of violence" in U.S.S.G. § 41B.2(a)(2), nor would it apply to U.S.S.G.

4

§ 2L1.2.  See Beckles v. United States, 137 S.Ct. 886 (2017).

Therefore, Taylor's arguments are predicated exclusively on alleged errors in guidelines calculations, errors which he agreed not to raise in an appeal or in a collateral attack of his sentence. Because Taylor voluntarily waived his right to collaterally attack his sentence in a § 2255 motion, his present motion must be dismissed.

In conclusion, the Court agrees with the Government that Taylor's § 2255 motion must be dismissed as waived.

ACCORDINGLY,

IT IS HEREBY ORDERED that the Government's Motion to Dismiss (**Docket Entry 24**) is GRANTED;

FURTHER ORDERED that defendant/petitioner Wendell Taylor's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (**Docket Entry 22** in cause no. 3:08-cr-12) is DISMISSED AS WAIVED.

A Final Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED, this the 6th day of June, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE